Carlos F. Llinás Negret (State Bar No. 284746)
NELSON & FRAENKEL LLP
601 South Figueroa St., Suite 2050,
Los Angeles, CA 90017
Tel.: 213-943-6089
Fax: 213-622-6019
Email: cllinas@nflawfirm.com

Attorneys for Plaintiff Carolyn Beck

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLYN BECK,<br><br>    Plaintiff,<br><br>    vs.<br><br>VIKING CRUISES USA LTD., VIKING RIVER CRUISES INTERNATIONAL, LLC, VIKING RIVER CRUISES, INC., D/B/A VIKING CRUISES, VIKING OCEAN CRUISES, AND VIKING EXPEDITIONS (collectively "VIKING"); DOES 1-5<br><br>    Defendant. | Case No.:<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

# COMPLAINT

Plaintiff, Carolyn Beck, sues Defendant, VIKING CRUISES USA LTD., VIKING RIVER CRUISES INTERNATIONAL, LLC, VIKING RIVER CRUISES, INC., doing business as VIKING CRUISES, VIKING OCEAN CRUISES, AND VIKING EXPEDITIONS (collectively "VIKING"), and Does 1-5 (collectively "Defendants"), and states:

## Parties, Jurisdiction, and Venue

1. At all times material, Plaintiff was and is a resident of Arizona, where she is domiciled, is over the age of 18, and is otherwise *sui juris*.

2. At all times material, VIKING was a California entity, with offices and business contacts in Los Angeles County, California.

3. The full extent of the facts linking the fictitiously designated defendants, Does 1-5, with the causes of action alleged herein are unknown to the Plaintiff, and the true names and capacities, whether individual, plural, corporate, partnership, associate, or otherwise of Does 1-5, inclusive, are unknown to Plaintiff. Plaintiff therefore sues said defendant by such fictitious name. The Plaintiff is informed and believes that each of the defendants designated herein as a "Doe" is negligently, wantonly, recklessly, tortuously and unlawfully responsible in some manner for the events and happenings herein referred to, and/or is strictly liable in tort for injuries and damages with respect to Plaintiff as herein alleged. Plaintiff will hereafter ask leave of Court to amend this Complaint to show said defendants' true names and capacities and to state the manner in which each fictitious defendant is so responsible when the same have been ascertained.

4. Defendants, at all times material hereto, personally or through an agent: Maintained their principal place of business in this state and county; operated, conducted, engaged in or carried on a business venture in this state and or county; and/or; were engaged in substantial activity within this state; and/or operated vessels in the waters of this state; and/or purposefully availed themselves of the benefits of

conducting activities in California by directing its activities toward this state, thereby obtaining the benefits and protections of this state's laws.

5. The parties are completely diverse. More than $75,000, exclusive of costs, fees, and interest, is in controversy. Accordingly, this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1).

6. In the alternative, this Court has jurisdiction over Plaintiff's claims under the maritime and admiralty jurisdiction of the Court, pursuant to Article III, §2 of the United States Constitution, delegating jurisdiction over admiralty cases to the federal courts, and 28 U.S.C. §1333.

7. Federal admiralty jurisdiction extends to all navigable waters, salt or fresh, with or without tides, natural or artificial, which are in fact navigable. The term 'navigable waters' means a body of water which, in its present configuration, constitutes a highway of commerce, between the states or with foreign countries. See *Complaint of Paradise Holdings, Inc.*, 795 F.2d 756 (9th Cir. 1986) ("To invoke federal admiralty jurisdiction in tort cases, the tort must occur on navigable waters and bear a significant relationship to traditional maritime activity.")

8. At all times material, the Plaintiff's injuries occurred while she was on board a vessel on navigable waters.

9. To the extent that this Court has jurisdiction pursuant to 28 U.S.C. §1333, the Plaintiff has the same substantive and Constitutional rights she would enjoy in California Superior Court, including the right to a jury trial. See *DeRoy v. Carnival Corporation*, 936 F.3d 1302 (11th Cir. 2020) ("As we have noted, § 1333 vests district courts with original jurisdiction over civil admiralty or maritime disputes, but the statute 'saves to suitors'—meaning plaintiffs—'all other remedies to which they are otherwise entitled.' … The Supreme Court … has nonetheless concluded that the saving to suitors' clause reserves remedies and the concurrent jurisdiction of state courts over some admiralty and maritime claims. One remedy

1  the saving-to-suitors clause safeguards is the right to a jury trial."). See also *Lewis*
2  *v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 444 (2001).

3  10.  The Plaintiff did not elect this venue to pursue her claims against VIKING. Plaintiff's preferred venue would have been State Court (California Superior Court). Instead, VIKING pre-selected the United States District Court for the Central District of California as its preferred venue in the passenger-ticket contract issued to Plaintiff. That same passenger-ticket contract has a 1-year statute of limitations.

9  11.  Accordingly, venue is proper in the Central District of California because the passenger-ticket issued to Plaintiff by VIKING contains a forum selection clause, that VIKING asserts requires all claims "arising out of the cruise" to be filed in this United States District Court. Plaintiff, nevertheless, disputes the validity of the alleged forum selection clause and reserves the right to challenge the clause.

15  12.  Further, in filing this Complaint, Plaintiff specifically reserves all rights pursuant to the "Savings to Suitors" clause, 28 U.S.C. §1333, and all state law remedies, including her constitutional right to a trial by jury

18  13.  Plaintiff has satisfied all conditions precedent, including the notice-of-claim requirement contained in her contract of passage for the subject cruise, for filing this action.

## General Allegations

22  14.  VIKING is a common carrier engaged in the business of marketing, selling, and operating a cruise line out of various ports within the continental United States and the world. VIKING derives substantial revenues from cruises originating and terminating in various ports throughout the United States.

26  15.  At all times material, VIKING was the owner, operator, owner pro hac vice, or charterer of the *MISSISSIPPI VIKING*.

28

16. On or about May 23, 2025, Plaintiff was a paying passenger aboard the *MISSISSIPPI VIKING*, as part of a cruise of the Mississippi River.

17. On or about May 23, 2025, at approximately 5:30 a.m., while Plaintiff and her husband were asleep in Cabin #500, two drywall panels from the wall directly above the bed suddenly detached and fell directly on to them. As a direct and proximate result of the incident, Plaintiff sustained severe and permanent injuries.

## Count I – Negligence

18. Plaintiff incorporates by reference the foregoing paragraphs as though fully set forth herein.

19. At all times material, Defendants, through their employees, servants, agents, or representatives acting within the course and scope of their employment, owed a duty to its passengers, including Plaintiff, to exercise reasonable care in the design, construction, maintenance, management and operation of its vessel, including the vessel's walls, ceilings, amenities, and surfaces, which included a duty to maintain and operate the *MISSISSIPPI VIKING*, in a reasonable and safe manner, free from hazardous and dangerous conditions, and to warn of dangerous conditions that it knew about or should have known about through actual or constructive notice when harm to passengers is reasonably foreseeable.

20. At all times material, Defendants by and through its vessel, crew, agents, servants, officers, staff, and/or employees, who were acting within the scope of their employment and/or agency, undertook to create and/or design (and/or to approve the design of) and/or inspect and/or maintain, a dangerous and hazardous condition.

21. At the time of the subject incident, Defendants knew or should have known that passengers would be present in the area where Plaintiff was injured.

22. Prior to Plaintiff's injury, Defendants knew or should have known that the dangers and risks associated with defective cabin ceilings and walls would increase the likelihood of passengers being injured or killed by collapsing panels.

23. Plaintiff had no knowledge of the hidden dangerous condition in her cabin's roof, that ultimately caused Plaintiff's harm.

24. Defendants, through their employees, servants, agents, or representatives acting within the course and scope of their employment, failed to use reasonable care under the circumstances, which in turn resulted in a breach of their duties to the Plaintiff by the following acts or omissions:

   a. Failing to maintain cabin walls and ceilings in a safe condition;
   b. Failing to warn plaintiff of the danger of defective and/or improperly installed wall and ceiling panels;
   c. Improperly installing wall and ceiling panels;
   d. Failing to inspect the cabin ceiling and walls to check for hazardous conditions, including defective and/or improperly installed walls and ceiling panels;
   e. Failing to have a procedure in place in order to ensure the cabin ceilings and walls were free from any dangerous condition;
   f. Operating an aged and unseaworthy vessel in a deteriorated condition, exposing its passengers to hazardous conditions, including loose panels on cabin walls and ceilings;
   g. Failure to properly and adequately inspect, investigate, screen, select, and retain the services of its subsidiary, employees, servants, agents, representatives, to ensure that that cabin ceilings and walls were safe for passengers;
   h. Failure to adopt and implement proper and adequate policies, protocols, and procedures, to ensure that cabin ceilings and walls were safe for passengers;

      i. Failure to adopt and implement proper and adequate policies, protocols, and procedures for the supervision of procedures its subsidiary, employees, servants, agents, representatives, to ensure that cabin ceilings and walls were safe for passengers;

      j. Failing to take reasonable care to eliminate hazards created by the subject vessel;

      k. Any and all other acts or omissions constituting a breach of Defendants' duty to use reasonable care discovered during litigation

25. Defendants created, knew about, or should have known about the above-described conditions through the exercise of reasonable care.

26. Defendants knew of the foregoing conditions causing Plaintiff's incident and did not correct them, or the conditions existed for a sufficient length of time so that Defendants in the exercise of reasonable care should have learned of them and corrected them.

27. The above conditions were neither open nor obvious to Plaintiff and, accordingly, Defendants owed Plaintiff the duty to warn of them or to correct them.

28. At all material times, Defendants negligently failed to determine the hazards on the vessel, failed to eliminate the hazard, failed to modify the hazard and failed to properly warn plaintiff of the hazard. Defendants violated the International Safety Management Code and failed to have a proper, adequate and safe Safety Management System Manual. All of which caused the plaintiff to be injured.

29. As a direct and proximate result of Defendants' negligence, Plaintiff suffered severe and permanent injuries on or about May 23, 2025.

30. As a direct and proximate result of the aforementioned carelessness and negligence of Defendants, Plaintiff sustained serious and permanent injuries, pain and suffering, disability, disfigurement, mental anguish, aggravation of preexisting conditions, inconvenience, scarring, loss of capacity for the enjoyment of life, loss of past earnings, loss of future earnings, diminished earning capacity in the future,

and has incurred medical expenses in the past and will incur medical expenses in the future. All of these damages are permanent and continuing in nature.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants, and for each of them, as follows:

   a. Damages for past and future medical expenses, loss of earning capacity, loss of past income, loss of future income, pain and suffering, disability, disfigurement, mental anguish, inconvenience, the loss of capacity for enjoyment of life, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame;
   b. For prejudgment interest as allowed by law;
   c. For costs of suit incurred herein;
   d. For such other and further relief as the Court may deem proper;
   e. For any other remedies provided by the General Maritime Law of the United States, and the laws of the State of California.

## **Demand for Jury Trial**

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: 9th day of March, 2026.

                                            Respectfully submitted,

                                            NELSON & FRAENKEL, LLP

                                            By:  *s/Carlos F. Llinás Negret*
                                                     Carlos F. Llinás Negret
                                                     *Attorneys for Plaintiff*

## JURY TRIAL DEMAND

Plaintiffs hereby demand a trial by jury.

Date: March 9th, 2026

                NELSON & FRAENKEL, LLP

            By: *s/ Carlos F. Llinás Negret*
               Carlos F. Llinás Negret
               *Attorneys for Plaintiff*